UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,        Criminal Case No. 2:11-cr-20178-1

v.        Civil Case No. 2:16-cv-11138

D-1 JERON GASKIN,        HONORABLE STEPHEN J. MURPHY, III

    Defendant / Petitioner.

_____/

## OPINION AND ORDER GRANTING GOVERNMENT'S
## MOTION FOR LEAVE TO CONDUCT DISCOVERY [420]

A jury convicted Petitioner Jeron Gaskin of one count of conspiracy to possess with intent to distribute controlled substances and two counts of possession with intent to distribute the substances. ECF 324. The Court sentenced Gaskin to 360 months imprisonment. *Id.* Gaskin petitioned the Court to vacate his sentence. ECF 403. The Court advised Gaskin that failure to withdraw the petition would result in a waiver of the attorney-client privilege. ECF 417. After Gaskin failed to respond, the Court found that Gaskin had waived the attorney-client privilege and ordered his former attorney, Thomas Randolph, III, to provide information, documents, or affidavits requested by the United States and responsive to Gaskin's claims of ineffective assistance of counsel. ECF 419.

Attorney Randolph provided materials to the Government that indicated Gaskin possesses telephone conversation audio recordings between Randolph and Gaskin relevant to Gaskin's claims. ECF 420. The Government now asks the Court to permit discovery so the Government may request a copy of any recordings or transcripts of the relevant telephone conversations from Gaskin. *Id.*

In a § 2255 proceeding, the Court may grant discovery of specified materials for good cause. Rule 6, Rules Governing Section 2255 Proceedings, 28 foll. § 2255. The

Government has shown good cause for its discovery request. The audio recordings may provide material evidence regarding the merits of Gaskin's ineffective-assistance-of-counsel claim. And without a copy of Gaskin's recordings, the Government may not be able to access the information or adequately respond to Gaskin's claim. In addition, the request is limited in scope to materials relevant to Gaskin's claim that Attorney Randolph provided ineffective assistance. Accordingly, the Court will grant the motion.

Gaskin objects that the attorney-client waiver is too broad and that his claim does not rely on privileged communications. But the waiver is not overly broad. Rather, it is limited to "relevant communications" between Gaskin and Attorney Randolph, and only "to the extent necessary to litigate his claim." ECF 417, 419. In other words, the waiver is limited to communications related to Gaskin's claim that Attorney Randolph misadvised him about his maximum sentence if convicted at trial, and the desirability of a guilty plea. And as the Court noted earlier, Gaskin put the performance of his attorney squarely at issue by claiming Attorney Randolph misadvised him regarding his sentence exposure. Thus, the waiver is necessary to litigate Gaskin's claims and has been appropriately limited by the Court.

**WHEREFORE** it is hereby **ORDERED** that the Government's Motion for Leave to Conduct Discovery [420] is **GRANTED**.

**SO ORDERED**.

Dated: April 6, 2017

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 6, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager