UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

v.

D-1 JERON GASKIN,

    Defendant / Petitioner.
                                            /

Criminal Case No. 2:11-cr-20178

Civil Case No. 2:16-cv-11138

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DISMISSING CERTAIN CLAIMS,
GRANTING DEFENDANT'S MOTION FOR LEAVE
TO CONDUCT DISCOVERY [426, 427] AND SCHEDULING EVIDENTIARY HEARING**

Petitioner Jeron Gaskin filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF 403. He alleges two grounds for relief: (1) prejudice resulting from a structural defect, and (2) ineffective assistance of counsel.[1] *Id.* Petitioner's first claim is denied for two reasons. First, it fails to sufficiently specify the grounds for relief. *See* Rule 2(c) of the Rules Governing Section 2254 and 2255 Cases. Although the Court construes a pro se filing liberally, the petition merely contains unsupported, conclusory statements. Second, the issues presented were not raised on Petitioner's direct appeal and thus are barred from consideration on habeas review. *Johson v. Lee*, 136 S. Ct. 1802, 1805 (2016) ("The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review.") (quoting *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006)).

As to the ineffective assistance of counsel claim, the Government concedes and the Court finds that there is a sufficient factual dispute to warrant an evidentiary hearing. *Cf.*

---

[1] Although the petition lists four separate grounds, three restate the ineffective assistance of counsel claim.

*Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). The Court will appoint an attorney to represent Petitioner at the hearing. *See* Rule 8(c) of the Rules Governing Section 2254 and 2255 Cases.

Finally, the Court recognizes that there might be taped phone conversations between Petitioner and his trial attorney that could shed light on the merits of Petitioner's claim of ineffective assistance of counsel. Given the potential importance of the tapes, the Court finds that there is good cause for discovery and will order the Bureau of Prisons to produce any recordings, transcripts, and call logs detailing conversations between Petitioner and his trial counsel during the course of the case. The government is also entitled to the production for two reasons. First, the Court already found that attorney-client privilege is waived to the extent necessary to litigate the ineffective assistance of counsel claim. ECF 417. Second, Petitioner was presumably on notice that his conversations were being recorded and monitored by the Bureau of Prisons. Therefore, the attorney-client privilege would not apply. The Court, however, will give both sides an opportunity to object if factual circumstances unknown to the Court result in the attorney-client privilege applying to the Bureau of Prison's records.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's claim of "prejudice resulting from a structural defect" is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave [426, 427] is **GRANTED.** The Bureau of Prisons is ordered to produce, to Petitioner, the Government, and the Court, any recordings, transcripts, or call logs detailing conversations between Jeron Gaskin and Thomas Randolph from August 1, 2011 to the present.

**IT IS FURTHER ORDERED** that any party aware of factual circumstances that would result in the attorney-client privilege applying to any evidence produced by the Bureau of Prisons pursuant to this order shall file an objection with the Court no later than 14 days after the date of this order.

**IT IS FURTHER ORDERED** that if no objections are timely filed, the Government shall serve this order on the Bureau of Prisons and take responsibility for ensuring timely production of the required evidence.

**IT IS FURTHER ORDERED** that the parties shall appear before the Hon. Stephen J. Murphy, III on Tuesday, March 6, 2018 at 9:00 A.M. for an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. The Court appoints the Federal Defenders Office to represent Petitioner at the hearing.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 20, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager