UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

v.

D-1 JERON GASKIN,

    Defendant / Petitioner.

                              /

Criminal Case No. 2:11-cr-20178

Civil Case No. 2:16-cv-11138

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING THE GOVERNMENT'S SECOND MOTION
FOR AN ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE [435]**

After a Detroit jury convicted him, Petitioner Jeron Gaskin moved to vacate his sentence under 28 U.S.C. § 2255. Petitioner's only remaining claim is ineffective assistance of counsel. ECF 431. An evidentiary hearing is scheduled, and the Government wishes to question several attorneys at the hearing regarding Petitioner's allegations.[1] Petitioner objects that the information is protected by the attorney-client privilege. For the reasons set forth below, the Court will grant the Government's request.

**BACKGROUND**

In 2011, Petitioner was indicted on one count of conspiracy and two counts of possession of a controlled substance with intent to distribute. ECF 25; ECF 31. After prolonged plea negotiations, the Government offered a recommendation of 17.5 years' imprisonment in exchange for a guilty plea. ECF 430-8, 430-9. Petitioner elected to proceed to trial. After a jury conviction, the Court sentenced Petitioner to 30 years'

---

[1] The Court reviewed the briefs and finds that a hearing regarding the Government's motion is unnecessary. E.D. Mich. LR 7.1(f).

1

imprisonment: 20 years for the conspiracy count, 10 years for the first possession count to run consecutive to the conspiracy count, and 20 years for the second possession count to run concurrent to the sentences for the conspiracy count and the first possession count. ECF 324. Petitioner then moved to vacate his sentence and alleged that his attorney erroneously advised him that his maximum sentence exposure at trial was 20 years because all counts would run concurrently. ECF 403, PgID 3864.

An evidentiary hearing is scheduled, and there are questions whether certain attorneys may testify despite the attorney-client privilege. The Court already ruled that Thomas Randolph, Petitioner's attorney when he proceeded to trial, may testify.[2] ECF 417. The Government now represents that additional attorneys might know relevant information. ECF 435, PgID 4133. Consequently, the Court must determine whether Petitioner's communications with the additional attorneys are privileged.

## LEGAL STANDARD

The attorney-client privilege protects certain communications between an attorney and client. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The privilege, however, is not absolute. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). In habeas cases, the privilege is impliedly waived when a petitioner injects into litigation an issue that requires an attorney's testimony. *Lott*, 424 F.3d at 453. That point is particularly true when a habeas petitioner asserts his own counsel's ineffectiveness. *Id.* But, implied waivers are construed narrowly and should be limited to the extent necessary to litigate a petitioner's claim. *Id.*

---

[2] Gaskin subsequently conceded that the Court's ruling was correct. ECF 436, PgID 4141.

2

**DISCUSSION**

Petitioner claims he received ineffective assistance of counsel because he was allegedly advised that his maximum sentence exposure at trial was 20 years' imprisonment. Petitioner argues that to prevail on his claim he needs to show that: (1) his attorney's advice fell below an objective standard of reasonableness; and (2) but for the erroneous advice, Petitioner would have pleaded guilty. ECF 437, PgID 4147. To address those issues, the Court needs to know (1) what Petitioner was advised regarding his sentence exposure; and (2) how Petitioner weighed sentence exposure when deciding to proceed to trial. To the extent Gaskin's communications with his attorneys shed light on those questions, Gaskin has injected those communications into the litigation and consequently waived the attorney-client privilege.

Gaskin contends, however, that the waiver should extend only to communications with Thomas Randolph because he is the only attorney to have allegedly provided ineffective assistance. ECF 436, PgID 4142. The point is well taken, but unpersuasive. There is evidence that Petitioner, while represented by a different attorney, rejected a plea offer for 7 years' imprisonment. ECF 329, PgID 3325. Understanding Petitioner's rationale for that decision is critical to understanding the merits of his present claim—which requires a finding that Petitioner would have accepted a sentence 10 years longer than the one he rejected. There is also evidence that Petitioner considered a 20-year sentence to be like a life sentence. ECF 430-11, PgID 4113. If true, then it seems Petitioner still would not have pleaded guilty even if he knew that he faced a longer sentence. Consequently, the Court needs to understand how Petitioner evaluated the benefits of pleading guilty, how much time he was willing

3

to serve, and whether there was a threshold sentence that he would not agree to under any circumstances. Petitioner's other attorneys may be able to provide that crucially important information. And because Petitioner injected those issues into the litigation, he cannot hide behind the attorney-client privilege. *Lott*, 424 F.3d 454 (holding that attorney-client privilege cannot be used simultaneously as a shield and a sword). The Court therefore rejects Petitioner's overarching objection and will address each attorney in turn.[3]

I. <u>Kimberly Stout</u>

Kimberly Stout was Petitioner's first attorney. She explained the First Superseding Indictment to Petitioner, ECF 363, PgID 3703, and she represented Petitioner when he acknowledged his potential sentence, ECF 27; ECF 34. Stout also represented Petitioner when he rejected the initial plea offer for 7 years' imprisonment. ECF 329, PgID 3325; ECF 435, 4131. Consequently, Stout likely knows whether Petitioner had an accurate understanding of his sentence exposure and how Petitioner evaluated a plea deal. Because those are the precise questions at issue, the Court finds that Petitioner has waived the attorney-client privilege for communications with Stout. The Government, however, may not elicit testimony beyond what is relevant to those issues.

---

[3] Although the Government's motion identified three attorneys, the Government later advised the Court via email that it no longer intended to call Joseph Niskar. The Court therefore will not address whether communications with Niskar are privileged.

4

II. Claude Chapman

Claude Chapman represented Petitioner's co-defendant. The Government represents that Chapman coordinated defense strategy with Randolph, and that Petitioner contacted Chapman directly from prison. ECF 435, PgID 4132.

Given those facts, it is not apparent that Petitioner and Chapman had an attorney-client relationship. The Government raised that point in its motion, but Petitioner did not respond other than to baldly assert that an attorney-client relationship existed. ECF 436, PgID 4139. Petitioner then proffered facts that suggest an attorney-client relationship did not exist. *Id.* at 4142. Out of an abundance of caution, the Court will assume, for now, that there was an attorney-client relationship. At the evidentiary hearing, however, Petitioner should more clearly establish that an attorney-client relationship existed; otherwise, the Government may proceed as if no communications with Chapman are privileged.

Even if communications with Chapman are ultimately shown to be privileged, the Court finds that the privilege has been partially waived. Chapman says he might know relevant information. ECF 435, PgID 4133. And that representation seems credible since Petitioner was talking to Chapman around the time Petitioner rejected his plea offer. Chapman therefore may know what Petitioner considered to be his sentence exposure or whether Petitioner would have rejected the plea offer regardless of his sentence exposure. Because those are the issues Petitioner injected into the litigation, the Government may question Chapman accordingly.

## CONCLUSION

In sum, the Court finds that the attorney-client privilege has been partially waived for Petitioner's communications with Stout and Chapman. The waiver extends only to communications that shed light on: (1) what Petitioner thought his sentence exposure was; and (2) whether Petitioner would have accepted the Government's plea offer had he known his sentence could be longer than 20 years. Given that the waiver should be narrowly construed, the Government will have little leeway at the evidentiary hearing. Petitioner should object, and the Court will intervene, if the testimony strays unreasonably beyond the strictures of this Order.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Government's Second Motion for an Order Finding Waiver of Attorney-Client Privilege [435] is **GRANTED**. Stout and Chapman may testify at the evidentiary hearing according to the limits set by this Order.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 5, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager

6