UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

v.

D-1 JERON GASKIN,

    Defendant / Petitioner.

_____/

Criminal Case No. 2:11-cr-20178

Civil Case No. 2:16-cv-11138

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING GASKIN'S MOTION TO VACATE SENTENCE [403]**

After a Detroit jury convicted him, Petitioner Jeron Gaskin moved to vacate his sentence under 28 U.S.C. § 2255. His only remaining claim is ineffective assistance of counsel. The Court held evidentiary hearings on March 6, 2018 and April 23, 2018, and the issues are fully briefed. For the reasons below, the Court will deny Gaskin's motion.

**BACKGROUND**

In August 2010, the Government filed a complaint accusing Gaskin of distributing oxycodone as a member of criminal gang. ECF 1. Post indictment, Gaskin faced one count of conspiracy and two counts of possession with intent to distribute. ECF 78. After prolonged plea negotiations, the Government proffered a Rule 11 Plea Agreement that set the guideline sentencing range at 180 to 240 months. ECF 430-6, PgID 4094. Additionally, the Government said it would recommend 210 months at the sentencing hearing. ECF 444, PgID 4381. Gaskin rejected the offer and proceeded to trial.

After his conviction, the Court sentenced Gaskin to 360 months' imprisonment: 240 months for the conspiracy count, 120 months for the first possession count to run

1

consecutive to the conspiracy count, and 240 months for the second possession count to run concurrent to the sentences for the conspiracy count and the first possession count. ECF 324. Gaskin then moved to vacate his sentence and alleged that his attorney erroneously advised him that his maximum sentence exposure at trial was 240 months' imprisonment because all counts would run concurrently. ECF 403, PgID 3864.

## LEGAL STANDARD

A prisoner may move to vacate a sentence that was imposed in violation of the U.S. Constitution. 28 U.S.C. § 2255(a). The Constitution provides that a criminal defendant shall "have the Assistance of Counsel for his defense." U.S. Const. amend. VI. That right to counsel attaches when the adversary judicial process is initiated. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). And once the right attaches, the accused is guaranteed to have counsel at all critical stages of the criminal proceedings, *id.*, including during plea negotiations, *Missouri v. Frye*, 566 U.S. 134, 140 (2012). Moreover, the Constitution does not guarantee just any counsel—it guarantees "the effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

Courts apply the *Strickland* standard to determine whether the accused received effective assistance of counsel during plea bargaining. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To prevail under the *Strickland* standard, a defendant must show that: (1) his counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, the defendant must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. It is sufficient for a defendant to show that his counsel erroneously advised that he could not face consecutive sentences at trial, *see Magana v. Hofbauer*, 263 F.3d 542, 549 (6th Cir. 2001), but he must do so by a

2

preponderance of the evidence, *Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018) (citing *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)). To satisfy the second prong, the defendant must show that—but for the ineffective advice—the plea offer would be available, he would have accepted the offer, the Court would have accepted the agreement's terms, and that the punishment under the plea would have been less severe than what was actually imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

## DISCUSSION

After reviewing the record, hearing live testimony, and making credibility determinations, the Court finds that Gaskin did not show by a preponderance of the evidence that his counsel's performance was deficient. Consequently, Gaskin cannot satisfy the *Strickland* standard and is not entitled to relief. The Court will therefore deny his motion.

Gaskin's counsel did not perform deficiently. Although Gaskin changed attorneys during his case, he focuses his attack now on Thomas Randolph, III—the attorney that represented him during negotiations of the Government's final plea offer. Specifically, Gaskin claims that Randolph advised him that his maximum sentence exposure at trial was 240 months' imprisonment because Randolph did not know the sentences could run consecutively. Admittedly, Gaskin provided persuasive evidence that Randolph lacked experience representing federal defendants in federal court. And the case should serve as a strong warning to Randolph and Claude Chapman[1] about the importance of fully preparing to represent a client, being forthright about potential conflicts of interest,

---

[1] Mr. Chapman represented a co-defendant in the case and recommended to Gaskin that he retain Randolph.

3

abstaining from accepting questionable payments of attorney's fees, and creating a complete written record of actions taken during a case. But ultimately, the evidence shows that Randolph's performance was not deficient.

First, there is strong evidence that Randolph knew about the potential for consecutive sentences despite his inexperience. For example, Chapman credibly testified that his conversations with Randolph suggested that Randolph knew Gaskin faced more than 240 months' imprisonment. ECF 440, PgID 4208–09. Because Gaskin's sentence could exceed 240 months' imprisonment only if he were sentenced consecutively, those conversations suggest Randolph knew Gaskin faced consecutive sentences. Additionally, the Government sent multiple plea agreements to Randolph that had guideline ranges above 240 months. ECF 430-2, PgID 4073; ECF 430-3, PgID 4082. Again, those ranges would be inconceivable if Gaskin faced only concurrent sentences.

Second, the Court believes Randolph's testimony that he advised Gaskin about consecutive sentencing. At the March 2018 evidentiary hearing, Randolph testified that he told Gaskin that he could face more than 240 months' imprisonment at trial. ECF 440, PgID 4251. Again, that could be true only if Gaskin were sentenced consecutively. After observing Randolph's demeanor while testifying, the Court finds his statement credible. Additionally, Randolph has been fairly consistent over time. For example, he signed an affidavit well before the first evidentiary hearing stating that he advised Gaskin to accept the Government's plea offer because "15-20 years is better than a life sentence[.]" ECF 430-11, PgID 4113. Although not technically precise—Gaskin faced 60 years' imprisonment if sentenced consecutively—the potential sentence could have practically approached a life sentence even for a young person. Although Randolph used colloquial

language in his affidavit, the best interpretation of that affidavit is that Randolph knew that Gaskin faced consecutive sentences and communicated that information to him.

Third, the Court does not credit Gaskin's testimony that he was not advised and did not know that he faced consecutive sentences. In addition to Gaskin's obvious incentives to be untruthful, his allegations are inconsistent with the numerous acknowledgments he made in writing and in open court. ECF 27 (written acknowledgment that he understood the indictment and the penalty for each count); ECF 34 (same); ECF 117 (same); ECF 364, PgID 3708 (oral acknowledgment that he faced imprisonment for "each of those charges"); ECF 438, PgID 4158 (oral acknowledgment that his potential sentences are not "necessarily concurrent"). And although Gaskin's mother and godmother corroborate his testimony, his mother admitted that she did not attend all of Gaskin's meetings with Randolph, ECF 440, PgID 4178, and his godmother admitted that the conversation she overheard was consistent with Randolph explaining the Government's plea offer rather than Gaskin's sentence exposure, *id.* at 4266.

For these reasons, Gaskin has not shown that his attorney performed deficiently during plea bargaining. The Court therefore finds that there was not a constitutional violation and that Gaskin is not entitled to relief under 28 U.S.C. § 2255(a). Accordingly, the Court will deny Gaskin's motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Gaskin's Motion to Vacate Sentence [403] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **CLOSE** civil case 2:16-cv-11138.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: August 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2018, by electronic and/or ordinary mail.

                                              s/ David Parker
                                              Case Manager